IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **COLLIE HILL** | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 2:18-CV-154** |
| | § | |
| **GREENLEAF RESOURCES, INC.** | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Collie Hill, files this Complaint complaining of Greenleaf Resources, Inc., Defendant.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.  This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.  Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Texas, and 28 U.S.C. 1391(a) & (c). In particular, Defendant is a Mississippi corporation that maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant.

3.  Parties to this suit are:

    Plaintiff:   Collie Hill is an individual who lives at 401 Dale Ave., Daingerfield, Texas.

    Defendant:   Greenleaf Resources, Inc. (Greenleaf) is a Mississippi corporation, and may be served by serving its registered agent, Edgar L. Vines, 1332 E. Denman Ave., Suite 102, Lufkin, Texas 75901.

## II.
## NATURE OF THE ACTION

4. On or about March 24, 2017, Stephan Wayne Davis, driving a 2013 Chevrolet Silverado pickup for Greenleaf, was driving southbound on Estes Parkway in Longview, Gregg County, Texas, and was traveling directly behind Collie Hill who was driving a 2012 Ford Taurus. As they approached an intersection, the signal light turned red and Mr. Hill stopped at the light. Mr. Davis was driving too closely behind Mr. Hill and collided into the rear of Mr. Hill's vehicle.

Mr. Davis chose not to keep a proper lookout, chose not to stop for the red light, chose not to keep a safe distance between his vehicle and Mr. Hill's vehicle, and chose not to take evasive action to avoid the violent collision with Plaintiff.

5. At the time of the collision, Stephan Wayne Davis was an employee in the course and scope of his employment with Defendant, and was driving a company vehicle. As a result of the Mr. Davis's negligence and his truck colliding with the vehicle of Plaintiff, Collie Hill suffered severe and debilitating injuries.

6. Stephan Wayne Davis was negligent in the manner in which he operated his company vehicle. Said negligence proximately caused the severe and traumatic injuries and damages to Mr. Hill.

7. At all times material hereto, Stephan Wayne Davis was employed by Greenleaf, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by Defendant. Defendant is legally liable for its' employee's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by

estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

### III.
### ACTUAL DAMAGES

9. Collie Hill was 27 years old at the time of his injuries, the effects of which will continue for the remainder of his life. He was in good health and enjoyed an outgoing lifestyle. Before his injuries, Plaintiff was industrious and energetic. As a result of the negligent and careless actions of Defendant, Plaintiff has suffered serious injuries.

10. Plaintiff seeks damages which will reasonably and fairly compensate him for the following losses:

   a. Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by him as a result of the occurrence in question;

   b. Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Plaintiff in the past, and which will in reasonable probability be incurred in the future;

   c. Physical impairment, both past and future; and

   d. Loss of earnings and loss of earning capacity, past and future.

### PRAYER

11. Plaintiff requests that the Defendant be cited to appear and answer, and that on final trial Plaintiff have:

   a. All actual, economic and compensatory damages in an amount in excess of the

       minimum jurisdictional limits of the Court;

b.     Prejudgment and postjudgment interest at the legal rate, costs of court, and

c.     Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

12.    Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

                Respectfully submitted,

                LAW OFFICE OF KEITH MILLER
                100 E. Ferguson, Suite 101
                Tyler, Texas 75702
                Telephone: (903) 597-4090
                Facsimile:  (903) 597-3692
                Keith Miller
                State Bar No. 14093750

                ERSKINE & McMAHON, L.L.P.
                P. O. Box 3485
                Longview, Texas 75606
                Telephone: (903)757-8435
                Facsimile: (903)757-9429

                By:  /s/ *Blake C. Erskine*
                      Blake C. Erskine
                      State Bar No. 06649000
                      blakee@erskine-mcmahon.com

                ATTORNEYS FOR PLAINTIFF