IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COLLIE HILL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.  2:18-CV-00154-JRG |
| § | |
| GREENLEAF RESOURCES, INC., § | |
| REYNOLDS & KAY, LTD., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Third-Party Defendant Reynolds & Kay, Ltd.'s ("Reynolds & Kay") Motion to Dismiss Pursuant to Rule 12(b)(6). (Dkt. No. 16.) Reynolds & Kay filed its Motion to Dismiss on August 28, 2018. Third-Party Plaintiff Greenleaf Resources, Inc. ("Greenleaf") did not respond. L.R. CV-7(d) provides that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." For this reason alone, the Court should grant the Motion.

Notwithstanding Greenleaf's failure to respond, the Third-Party Complaint (the "Complaint") is one paragraph with the following conclusory allegation:

> The proper defendants are the driver, Stephen Wayne Davis or his employer at the time of the accident Reynolds & Kay, LTD. As a result, Defendant sues Reynolds & Kay LTD for contribution in this matter.

(*See generally* Dkt. No. 7.) The Complaint contains no factual allegations to establish that Stephen Davis was an employee of Reynolds & Kay, Ltd., or how Reynolds & Kay, Ltd. would be responsible for contribution. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Greenleaf has failed to plausibly state a claim against Reynolds & Kay.

Accordingly, the Court **GRANTS** Reynold's & Kay's Motion to Dismiss Pursuant to Rule 12(b)(6). (Dkt. No. 16.) It is **ORDERED** that Third-Party Plaintiff Greenleaf Resources, Inc.'s claims against Third-Party Defendant Reynolds & Kay, Ltd. are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 17th day of December, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE